UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALLEN,

        Petitioner,

  v.                                      Case No. 24-cv-36-pp

LARRY FUCHS,

        Respondent.

---

**ORDER REQUIRING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

---

On January 9, 2024, the petitioner—who is incarcerated at Columbia Correctional Institution and is representing himself—filed a handwritten document titled "petition for review of the State of Wisconsin refusal to clarify the information that should be on a plea questionnaire form." Dkt. No. 1 at 1. The petition lists the following two issues:

> 1) The States denial to the correct information that should be on the plea questionnaire form with respect to Read-ins. And what is the correct information that should be on the plea questionnaire form?
>
> 2) The Supreme Court refusal to address the issue of the right Legal language that should be on a plea questionnaire form.

Id.

While it is not clear, it appears that the petitioner believes that Wisconsin's plea form CR-227 does not adequately inform defendants of their rights because the form says the sentencing judge "*may* consider read-in charges" and the petitioner believes it should say that the judge "*will* consider

1

read-in charges." Id. at 2 (citing Wis. Stat. §973.20(1g)(b)). The petitioner contends that his "plea form was not knowing, intelligent and voluntary signed, because the plea form has inadequate information." Id. The petitioner also states that "[t]he Supreme Court denied [his] petition for review to clarify the issues about what should have been the correct information on his plea form CR-277." Id. at 3. The petitioner asks this court to "overturn and reverse the Wisconsin misunderstanding of the plain text of Wis. Stat. §973.20(1g)(b) and the incorrect information on the plea form." Id. The petitioner also asks the court "to allow [him] to withdraw from his guilty plea" because his "Due Process was violated '14th Amendment,' for not being correctly informed of the consequence of the read-ins." Id.

It appears that the petitioner is seeking release from state custody under 28 U.S.C. §2254, otherwise known as a petition for *habeas corpus*. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (holding that a state incarcerated person who challenges the fact or duration of his confinement and seeks immediate or speedier release must seek relief under 28 U.S.C. §2254). But because the petitioner did not use the court's standard form (or any form), the petition lacks many of the details the court needs to evaluate the petitioner's *habeas* claims. For example, the filing does not identify the case which resulted in the petitioner's incarceration, the county in which he was convicted, the date of his conviction or whether he exhausted his state remedies. The court's standard *habeas* form asks a petitioner to provide this information, and more, so that the court can screen his petition.

2

Case 2:24-cv-00036-PP    Filed 06/04/24    Page 2 of 3    Document 3

The court will require the petitioner to file an amended petition using this court's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody. See Civil Local Rule 9(a)(1) (E.D. Wis.) ("All persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 . . . *must* file their application, petition, or motion with the Clerk of Court *using forms available from the Court*.") (emphasis added). The court is including with this order a blank copy form that the petitioner should use to file the amended petition. The petitioner must complete every section of the form that applies to him.

The court **ORDERS** that the petitioner must file an amended §2254 *habeas* petition using the court's standard form, or file a motion for an extension of time by which to do so, in time for the court to *receive* it by end of the day on **July 5, 2024**. If the court does not receive an amended petition or a request for more time to file an amended petition by the end of the day on July 5, 2024, the court will dismiss the case without further notice or hearing for failure to state cognizable grounds for *habeas* relief.

Dated in Milwaukee, Wisconsin this 4th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**