UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALLEN,

Petitioner,

v.

Case No. 24-cv-36-pp

LARRY FUCHS,

Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (DKT. NO. 5)**

---

On January 9, 2024, the petitioner—who is incarcerated at Columbia Correctional Institution and is representing himself—filed a handwritten document titled "petition for review of the State of Wisconsin refusal to clarify the information that should be on a plea questionnaire form." Dkt. No. 1 at 1. The petitioner asked this court "to allow [him] to withdraw from his guilty plea" because his "Due Process was violated '14th Amendment,' for not being correctly informed of the consequence of the read-in [charges]." Id. at 3. In its initial screening order, the court speculated that "[i]t appears that the petitioner is seeking release from state custody under 28 U.S.C. §2254, otherwise known as a petition for *habeas corpus*." Dkt. No. 3 at 2. The court explained, however, that "because the petitioner did not use the court's standard form (or any form), the petition lacks many of the details the court needs to evaluate the petitioner's *habeas* claims." Id. The court ordered the

petitioner to file an amended §2254 *habeas* petition using the court's standard form. Id. at 3.

On June 20, 2024, the court received from the petitioner an amended petition for writ of *habeas corpus* under 28 U.S.C. §2254; he used the court's standard form. Dkt. No. 4. The amended petition raises one ground for relief. Id. at 6. It asserts that "[t]he plea form CR-227 does not contain a legally accurate d[e]finition of 'Read-ins' consistent with the plain language of Wis. Stat. §973.20(1g)(b)." Id. The petitioner asks this court "[t]o allow [him] to withdraw from his plea of guilty" because of "the misinformation that is stated in the plea questionnaire" and because "the plea questionnaire is outdated so [his] plea was not knowing, intelligent, and voluntary[.]" Id. at 12.

On July 1, 2024, the court received from the petitioner a motion to stay proceedings and to hold this case in abeyance. Dkt. No. 5. In that motion, the petitioner stated:

> [The petitioner] has filed a Petition for habeas corpus for an amended post conviction hearing, for two issues: Issue one; Ineffective assistant of post conviction counsel for failure to present e-mails at [the petitioner]'s post-conviction hearing for Ineffective trial counsel for coercing [the petitioner] into taking the no-contest/Guilty pleas. Issues two; Ineffective trial and post-conviction counsel for failure to show that [the petitioner]'s statements to Kewaskum police should have been suppressed because they never read him his Miranda rights.

Id. at 1. The petitioner asked this court "for a Stay and Abeyance so that [he] can exhaust his state remedies on the two issue[]s." Id.

Under 28 U.S.C. §2254(b)(1)(A), this court cannot grant *habeas* relief until a petitioner first has exhausted his available state court remedies.

Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to allow the petitioner go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005). The Supreme Court has "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

Liberally construing the allegations, the court finds that the petitioner's claims are not plainly without merit, because he alleges a colorable due process violation—that his guilty plea was not knowing, intelligent and voluntary. See Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002) ("Due process requires that a guilty plea, to be valid, be made voluntarily, intelligently and knowingly." (citing Brady v. United States, 397 U.S. 742, 747 (1970))); see also Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008) ("Because '[a] guilty plea operates as a waiver of important rights,' it is constitutionally valid 'only if

done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.'" (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005))). The petitioner has shown good cause for failing to raise these arguments in state court; nothing in the record suggests that the petitioner is bringing these claims to delay the litigation. The court will grant the petitioner's motion to stay and will hold this case in abeyance while the petitioner returns to state court to exhaust his claims.

For now, the court is going to administratively close the petitioner's case (with the parties retaining all the rights they would have had had the case not been closed for administrative purposes), until the petitioner notifies the court that his state court proceedings are concluded. As soon as the state court litigation is complete, the petitioner may file a one-sentence motion with this court (using Case Number 24-cv-36), asking the court to reopen his case and to lift the stay. The court will grant that motion immediately, and the filing date for the petition will remain January 9, 2024 (the date the petitioner filed his original petition). In other words, the administrative closure and subsequent reopening will not change the fact that, for statute of limitation purposes, the petitioner filed his petition on January 9, 2024.

The court **GRANTS** petitioner's motion to stay proceedings and to hold this case in abeyance. Dkt. No. 5.

The court **ORDERS** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED**. Within thirty days of the conclusion of his state court proceedings,

the petitioner may file a motion to lift the stay and reopen the case (following the instructions the court has provided in this order).

Dated in Milwaukee, Wisconsin this 13th day of November, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**